

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00113-CR
_____

HOMER DAVID HOLLOMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th Judicial District Court
Cass County, Texas
Trial Court No. 2009-F-00266

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Homer David Holloman was convicted by a jury of evading arrest or detention with a vehicle. On appeal, Holloman alleges that the trial court's failure to include the offense of fleeing or attempting to elude a police officer as a lesser-included offense of evading detention by use of a motor vehicle constituted reversible error. He also argues that the trial court's judgment was not supported by legally sufficient evidence.[1] We affirm the trial court's judgment as modified.

## I. Holloman Was Not Entitled to a Lesser-Included Offense Instruction

In his first point of error, Holloman argues that the trial court erred in overruling his objection that fleeing or attempting to elude a police officer[2] ("fleeing") should have been included in the jury charge as a lesser-included offense of evading detention by use of a motor vehicle ("evading").[3] The Texas Court of Criminal Appeals has spoken on this very claim in *Farrakhan v. State*, where the court held that the crime of fleeing was not a lesser-included offense

---

[1]Holloman also complains the evidence was factually insufficient to support his conviction. We have previously explained that in *Brooks v. State*, 323 S.W.3d 893, 894–95, 912–13 (Tex. Crim. App. 2010) (Cochran, J., concurring),

> a plurality of the Texas Court of Criminal Appeals abolished the factual sufficiency review established by *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its progeny. The plurality and the concurring judges agreed that the *Jackson v. Virginia*, 443 U.S. 307 (1979), legal sufficiency standard is the sole standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894–95, 912–13. Since the Texas Court of Criminal Appeals has abolished factual sufficiency review, we need not address [appellant's] challenge to the factual sufficiency of the evidence.

*Louis v. State*, 329 S.W.3d 260, 267 n.5 (Tex. App.—Texarkana 2010, no pet.).

[2]TEX. TRANSP. CODE ANN. § 545.421 (Vernon Supp. 2010).

[3]TEX. PENAL CODE ANN. § 38.04 (Vernon Supp. 2010).

2

of evading.   247 S.W.3d 720, 724 (Tex. Crim. App. 2008); *see McKithan v. State*, 324 S.W.3d 582, 593 (Tex. Crim. App. 2010) ("In *Farrakhan*, we approved of the court of appeals's decision that the 'fleeing' offense was not a lesser-included offense of the charged 'evading' offense even though proof of the charged 'evading' offense may also have shown the 'fleeing' offense. . . . These were not lesser-included offenses of the charged offenses . . . because the State was not **required** to prove these offenses in establishing the charged offenses, even though the State's evidence may have shown them.").

Utilizing the reasoning employed by our sister court in *Farrakhan v. State*, which the Texas Court of Criminal Appeals has upheld, we likewise conclude that Holloman was not entitled to an instruction on fleeing since it is not a lesser-included offense of evading.   263 S.W.3d 124, 143–44 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 247 S.W.3d 720 (Tex. Crim. App. 2008). Holloman's first point of error is overruled.

## II.    Legally Sufficient Evidence Supported the Trial Court's Judgment

### A.    Standard of Review

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the verdict to determine whether any rational jury could have found the essential elements of evading arrest or detention with a vehicle beyond a reasonable doubt.   *Brooks*, 323 S.W.3d at 912 (citing *Jackson*, 443 U.S. at 319); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).   Our rigorous

3

legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically-correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008); *Vega v. State*, 267 S.W.3d 912, 916 (Tex. Crim. App. 2008). "A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a). Evading arrest or detention is a state-jail felony if "the actor uses a vehicle while the actor is in flight." TEX. PENAL CODE ANN. § 38.04(b)(1)(B). Thus, the hypothetically-correct jury charge required the State to prove that (1) Holloman; (2) intentionally or knowingly; (3) fled from a person he knew was a peace officer; (4) who was attempting to lawfully detain or arrest him.

## B.    The Sufficient Evidence

Uniformed officers Eric White and Shane Lawrence were travelling in a marked patrol car when they passed Holloman's Dodge Diplomat on the road. White noticed Holloman was not

4

wearing his seat belt, and his license plate and registration were expired. Lawrence testified that White "reached down and turned his lights on and as soon as he turned his lights on I told him, I said, Corporal, I believe he's trying to run. [Holloman] accelerated. You could hear his motor, the acceleration in the motor as he took off." White testified the patrol car lights were on and sirens were blaring.

Holloman drove at a "high rate of speed," leading White, Lawrence, and other officers who had joined the pursuit on a lengthy chase. During the attempted flight, Holloman disregarded at least seven stop signs. At one point, White testified Holloman "ran [a] stop sign . . . and went across the highway into the ditch and narrowly missed a westbound car." Then, Holloman took "the car off into a pasture." "[H]e throwed [sic] the tread off of his right front tire." After Holloman travelled "off-road[,] he jump[ed] out of the car and start[ed] running." "[H]e fled on foot up the hill and toward the wood line." Lawrence exited the patrol car driven by White and followed Holloman on foot. Joining the pursuit, Officer Richard Lewis "drove [his] patrol car up the hill and got out and held him at gunpoint until Trooper Lawrence could get up there and place him in handcuffs."[4]

Viewing all the evidence in the light most favorable to the verdict, we find that a rational jury could have found, beyond a reasonable doubt, that Holloman intentionally or knowingly fled

---

[4]Holloman argues "that a rational jury could not convict Defendant of such offense for the reason that Officers White and Lawrence were unable to identify Appellant as the operator of the Dodge Diplomat." This argument is without merit. Lawrence, White, and Lewis all testified Holloman was the driver of the vehicle, and there was testimony that no other people were in the vehicle or exited the vehicle.

from police officers who were attempting to lawfully detain or arrest him. Accordingly, we conclude the evidence was legally sufficient to support the trial court's judgment. Holloman's last point of error is overruled.

## III.    Judgment is Reformed to Reflect Holloman's Plea of Not Guilty

The Texas Rules of Appellate Procedure give this Court authority to reform judgments and correct typographical errors to make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, writ ref'd). The judgment in this case reflects that Holloman pled guilty to the offense. This was incorrect. We modify the judgment to reflect Holloman's plea of "[n]ot guilty."

## IV.    CONCLUSION

As modified, we affirm the judgment.


Bailey C. Moseley
Justice

Date Submitted:      March 17, 2011
Date Decided:        March 18, 2011

6

Do Not Publish