In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00113-CR

                                                ______________________________

 

 

                              HOMER DAVID HOLLOMAN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 5th Judicial District Court

                                                              Cass County, Texas

                                                      Trial Court No. 2009-F-00266

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Homer
David Holloman was convicted by a jury of evading arrest or detention with a
vehicle.  On appeal, Holloman alleges
that the trial court’s failure to include the offense of fleeing or attempting
to elude a police officer as a lesser-included offense of evading detention by
use of a motor vehicle constituted reversible error.  He also argues that the trial court’s
judgment was not supported by legally sufficient evidence.[1]  We affirm the trial court’s judgment as
modified. 

I.          Holloman Was Not
Entitled to a Lesser-Included Offense Instruction 

            In
his first point of error, Holloman argues that the trial court erred in
overruling his objection that fleeing or attempting to elude a police officer[2]
(“fleeing”) should have been included in the jury charge as a lesser-included
offense of evading detention by use of a motor vehicle (“evading”).[3]
 The Texas Court of Criminal Appeals has
spoken on this very claim in Farrakhan v.
State, where the court held that the crime of fleeing was not a lesser-included
offense of evading.  247 S.W.3d 720, 724
(Tex. Crim. App. 2008); see McKithan v.
State, 324 S.W.3d 582, 593 (Tex. Crim. App. 2010) (“In Farrakhan, we approved of the court of appeals’s decision that the ‘fleeing’
offense was not a lesser-included offense of the charged ‘evading’ offense even
though proof of the charged ‘evading’ offense may also have shown the ‘fleeing’
offense. . . . These were not lesser-included offenses of the charged offenses
. . . because the State was not required
to prove these offenses in establishing the charged offenses, even though the
State’s evidence may have shown them.”). 


            Utilizing
the reasoning employed by our sister court in Farrakhan v. State, which the Texas Court of Criminal Appeals has
upheld, we likewise conclude that Holloman was not entitled to an instruction
on fleeing since it is not a lesser-included offense of evading.  263 S.W.3d 124, 143–44 (Tex. App.—Houston
[1st Dist.] 2006), aff’d, 247 S.W.3d
720 (Tex. Crim. App. 2008).  Holloman’s
first point of error is overruled. 

II.        Legally Sufficient
Evidence Supported the Trial Court’s Judgment

            A.        Standard of Review 

            In
evaluating legal sufficiency, we review all the evidence in the light most
favorable to the verdict to determine whether any rational jury could have
found the essential elements of evading arrest or detention with a vehicle
beyond a reasonable doubt.  Brooks, 323 S.W.3d at 912 (citing Jackson, 443 U.S. at 319); Hartsfield v. State, 305 S.W.3d 859, 863
(Tex. App.—Texarkana 2010, pet. ref’d) (citing Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).  Our rigorous legal sufficiency review focuses
on the quality of the evidence presented. 
Brooks, 323 S.W.3d at 917 (Cochran,
J., concurring).  We examine legal
sufficiency under the direction of the Brooks
opinion, while giving deference to the responsibility of the jury “to fairly
resolve conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.”  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19).  

            Legal
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically-correct jury charge.  Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see also Grotti v. State, 273 S.W.3d 273, 280 (Tex. Crim. App.
2008); Vega v. State, 267 S.W.3d 912,
916 (Tex. Crim. App. 2008).  “A person
commits an offense if he intentionally flees from a person he knows is a peace
officer attempting lawfully to arrest or detain him.”  Tex.
Penal Code Ann. § 38.04(a). 
Evading arrest or detention is a state-jail felony if “the actor uses a
vehicle while the actor is in flight.”  Tex. Penal Code Ann. § 38.04(b)(1)(B).  Thus, the hypothetically-correct jury charge
required the State to prove that (1) Holloman; (2) intentionally or knowingly;
(3) fled from a person he knew was a peace officer; (4) who was attempting to
lawfully detain or arrest him.  

            B.        The Sufficient Evidence 

            Uniformed
officers Eric White and Shane Lawrence were travelling in a marked patrol car
when they passed Holloman’s Dodge Diplomat on the road.  White noticed Holloman was not wearing his
seat belt, and his license plate and registration were expired.  Lawrence testified that White “reached down
and turned his lights on and as soon as he turned his lights on I told him, I
said, Corporal, I believe he’s trying to run. 
[Holloman] accelerated.  You could
hear his motor, the acceleration in the motor as he took off.”  White testified the patrol car lights were on
and sirens were blaring.  

            Holloman
drove at a “high rate of speed,” leading White, Lawrence, and other officers
who had joined the pursuit on a lengthy chase.  During the attempted flight, Holloman
disregarded at least seven stop signs. 
At one point, White testified Holloman “ran [a] stop sign . . . and went
across the highway into the ditch and narrowly missed a westbound car.”  Then, Holloman took “the car off into a
pasture.”  “[H]e throwed [sic] the tread
off of his right front tire.”  After
Holloman travelled “off-road[,] he jump[ed] out of the car and start[ed]
running.”  “[H]e fled on foot up the hill
and toward the wood line.”  Lawrence
exited the patrol car driven by White and followed Holloman on foot.  Joining the pursuit, Officer Richard Lewis
“drove [his] patrol car up the hill and got out and held him at gunpoint until Trooper
Lawrence could get up there and place him in handcuffs.”[4]  

            Viewing
all the evidence in the light most favorable to the verdict, we find that a
rational jury could have found, beyond a reasonable doubt, that Holloman
intentionally or knowingly fled from police officers who were attempting to
lawfully detain or arrest him. 
Accordingly, we conclude the evidence was legally sufficient to support
the trial court’s judgment.  Holloman’s
last point of error is overruled. 

III.       Judgment
is Reformed to Reflect Holloman’s Plea of Not Guilty 

            The
Texas Rules of Appellate Procedure give this Court authority to reform
judgments and correct typographical errors to make the record speak the
truth.  Tex.
R. App. P. 43.2; French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); Rhoten v. State, 299 S.W.3d 349, 356
(Tex. App.—Texarkana 2009, no pet.). 
“Our authority to reform incorrect judgments is not dependent on the
request of any party, nor does it turn on a question of whether a party has or
has not objected in trial court; we may act sua sponte and may have a duty to
do so.”  Rhoten, 299 S.W.3d at 356 (citing Asberry v. State, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, writ
ref’d).  The judgment in this case
reflects that Holloman pled guilty to the offense.  This was incorrect.  We modify the judgment to reflect Holloman’s
plea of “[n]ot guilty.”  

IV.       CONCLUSION 

            As modified, we
affirm the judgment. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          March
17, 2011

Date Decided:             March
18, 2011

 

Do Not Publish

 











[1]Holloman
also complains the evidence was factually insufficient to support his
conviction.  We have previously explained
that in Brooks v. State, 323 S.W.3d
893, 894–95, 912–13 (Tex. Crim. App. 2010) (Cochran, J., concurring),

 

a plurality of the Texas Court of Criminal Appeals abolished
the factual sufficiency review established by Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its
progeny.  The plurality and the
concurring judges agreed that the Jackson
v. Virginia, 443 U.S. 307 (1979), legal sufficiency standard is the sole
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.  Brooks,
323 S.W.3d at 894–95, 912–13.  Since the
Texas Court of Criminal Appeals has abolished factual sufficiency review, we
need not address [appellant’s] challenge to the factual sufficiency of the
evidence.  

 

Louis v. State, 329 S.W.3d 260, 267 n.5 (Tex.
App.––Texarkana 2010, no pet.). 

 





[2]Tex. Transp. Code Ann. § 545.421
(Vernon Supp. 2010).  

 





[3]Tex. Penal Code Ann. § 38.04 (Vernon Supp.
2010). 





[4]Holloman
argues “that a rational jury could not convict Defendant of such offense for
the reason that Officers White and Lawrence were unable to identify Appellant
as the operator of the Dodge Diplomat.” 
This argument is without merit. 
Lawrence, White, and Lewis all testified Holloman was the driver of the
vehicle, and there was testimony that no other people were in the vehicle or
exited the vehicle.