

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1984-06

**QUANELL X ABDUL FARRAKHAN, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## IN CAUSE NO. 01-04-01205-CR FROM THE FIRST COURT OF APPEALS
## HARRIS COUNTY

HOLCOMB, J., *delivered the opinion of the Court, in which* MEYERS, WOMACK, JOHNSON, *and* COCHRAN, JJ., *joined.* KELLER, P.J., PRICE, KEASLER, HERVEY, JJ., *concurred.*

### O P I N I O N

In this case, we must determine whether the court of appeals erred in holding that the misdemeanor offense of fleeing[1] is not a lesser-included offense of the felony offense of evading detention with a motor vehicle.[2] We affirm.

---

[1]Tex. Transp. Code § 545.421(a).

[2]Tex. Pen. Code § 38.04(a), (b)(1).

*Background*[3]

---

[3]The facts of this case are not pertinent to the legal issue before us. We adopt the court of appeals' opinion to present the following information to the interested reader. *See Farrakhan v. State*, No. 01-04-01205-CR, 2006 Tex. App. LEXIS 10317, at *2-8 (Tex. App.— Houston [1st Dist.] Nov. 30, 2006). On June 9, 2002, Derrick Forney shot a Houston Police Department (HPD) officer. The HPD searched for Forney, but to no avail. Two years later, appellant Quanell X Abdul Farrakhan, a community activist, arranged with the HPD to bring Forney to the HPD's Travis headquarters on June 11, 2004. Appellant had assisted the HPD with the peaceful surrender of at least 15 suspects in the past. The arrangement for bringing in Forney was consistent with that instituted by a prior chief of police for appellant to bring in such suspects. But there was a breakdown in communication in this case because the procedure had never been written down, the current chief of police was out of town, and both McClelland (the acting chief of police) and Detective Abbondandolo (of HPD's homicide division and the lead detective on Forney's case) were unaware of the procedure.

Detective Abbondandolo, accompanied by a partner, arrived at the designated intersection in an unmarked police vehicle. He led eight other officers in four unmarked police vehicles. The detective decided to "just follow" appellant's vehicle to ensure that he drove to the Travis police headquarters. But he became concerned when appellant seemed to be driving away from the headquarters and towards an area where Forney's acquaintances were known to reside. He started radioing patrol units and the officers he was leading for assistance. But then, appellant made an abrupt u-turn over a concrete median and started to head back towards the headquarters. The detective still felt concerned, however, and his partner signaled to an officer in a marked patrol unit, which happened to be passing by, to stop appellant's vehicle. The lead detective also tried to contact that officer over the radio but, unbeknownst to him, the officer was using a different radio frequency. Thus, the officer had no idea what was going on as he desperately tried to stop appellant by turning on his lights and activating his siren "several times."

It is undisputed that appellant did not exceed the speed limit nor drive erratically, that he had his flashers on for at least some of the time, and that he continued slowly in the general direction of the police headquarters. It is also undisputed that appellant tried to contact the police chief and was connected to McClelland, the acting chief. Appellant was said to be very excited as he told McClelland that he was trying to bring in the suspect but that "trigger happy killer cops" were "all over him," that they were "going to create an incident," and that "this was not part of the deal." According to an officer's testimony, McClelland told appellant to slow down his vehicle and "to keep coming," but never expressly told appellant to stop or to pull over, even though he heard a continuous police siren in the background during appellant's call. Instead, McClelland told appellant that he "would find out what officers were following him and give them instructions to allow him to peacefully surrender at the" Travis headquarters. McClelland then tried to do just that but the officers stopped appellant before he could contact them. Forney was arrested without incident and, apparently later that day, appellant was also arrested for

(continued...)

Appellant was indicted for the state felony offense of evading detention by the use of a motor vehicle. On November 15, 2004, he was tried before a Harris County petit jury. At the close of the evidence, at the State's request and over appellant's objection, the trial court charged the jury on the misdemeanor offense of fleeing or attempting to elude a police officer as a lesser-included offense of evading detention. The jury convicted appellant of the lesser offense of fleeing, thus implicitly acquitting him of the greater offense of evading detention.[4]

On direct appeal, appellant raised four issues, only one of which is relevant to our review: that the trial court erred when it charged the jury on the allegedly lesser-included offense of fleeing or attempting to elude a police officer. The court of appeals, relying primarily on our decisions in *Jacob v. State*, 892 S.W.2d 905 (Tex. Crim. App. 1995), and *Hayward v. State*, 158 S.W.3d 476 (Tex. Crim. App. 2005), held that the trial court erred in charging the jury on the lesser-included offense. *Farrakhan*, 2006 Tex. App. LEXIS at *52. The court then applied the egregious-harm standard of *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984),[5] and held that appellant had

---

[3](...continued)
evading arrest or detection.

[4]*See* Tex. Code Crim. Proc. art. 37.14:

> If a defendant, prosecuted for an offense which includes within it lesser offenses, be convicted of an offense lower than that for which he is indicted, and a new trial be granted him, or the judgment be arrested for any cause other than the want of jurisdiction, the verdict upon the first trial shall be considered an acquittal of the higher offense.

[5]The court of appeals reasoned:

> Although appellant objected to the submission of the lesser-included offense before the jury was charged, he did not do so on the basis that we have addressed (the first

(continued...)

been harmed by the trial court's error because "[t[he jury acquitted appellant of the charged offense and convicted him of an offense with which the jury should not have been charged because that offense was not a lesser-included offense." *Farrakhan*, 2006 Tex. App. LEXIS at *54. It therefore reversed the judgment of the trial court and remanded the cause to that court with instructions to dismiss the indictment. *Id.* at *54-55.

We granted review to consider the following issues: (1) can the offense of fleeing or attempting to elude a police officer, under Transportation Code Section 545.421, be a lesser-included offense of evading detention, under Penal Code Section 38.04; and (2) whether the court of appeals erred in holding that fleeing or attempting to elude a police officer was not a lesser-included offense of evading detention in this case and that the trial court therefore should not have submitted an instruction authorizing the jury to convict appellant of fleeing.[6]

*Discussion*

---

[5](...continued)
step of the [*Rousseau v. State*, 855 S.W.2d 666 (Tex. Crim. App. 1993)] lesser-included-offense test, which he raised for the first time after trial), arguing instead that no evidence showed commission of only the lesser-included offense (the second step of the *Rousseau* lesser-included-offense test). Accordingly, we review for egregious harm.

*Farrakhan*, 2006 Tex. App. LEXIS at *52-53.

[6]We note that we had also granted review on two other issues: (1) whether the court of appeals erred in holding that this Court's opinion in *Cunningham v. State*, 726 S.W.2d 151 (Tex. Crim. App. 1987), cannot be reconciled with its opinions in *Jacob* and *Hayward*; and (2) whether the court of appeals erred in declining to follow *Walker v. State*, 95 S.W.3d 516 (Tex. App.— Fort Worth 2002, pet. ref'd), in which the Fort Worth court of appeals had expressly held that fleeing or attempting to elude a police officer was a lesser-included offense of evading arrest. The State concedes, however, that in light of this Court's decision in *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007), which "expressly disapproved of *Cunningham* and other cases employing a cognate evidence mode of analysis," which was also employed by *Walker*, the court of appeals did not err in these respects. State's Brief at 21 n.12. *See also id.* at 12 n.8.

The State concedes that in light of this Court's decision in *Hall*, much of the court of appeals' analysis was correct. State's Brief at 10. Specifically, the State concedes that the court of appeals was "clearly correct in holding that courts should compare the elements of the lesser offense to the elements of the greater offense as modified by the charging instrument." *Id.* at 12. It argues, however, that while *Hall* clarified *what* should be compared in determining whether an offense is the lesser-included offense of the charged offense, it does not clarify *how* the comparison should be made. *Id.* at 13. In the rest of its brief then, the State suggests that we adopt the language of the *Jacob* court and require the courts to "examine the elements of the lesser offense and decide whether they are '*functionally the same* or less than those required to prove the charged offense.'" *Id.* (citing *Jacob*, 892 S.W.2d at 908 (emphasis added)). The State admits that this Court did not discuss functional equivalence in *Hall*, but argues that "there is no reason to abandon this part of the *Jacob* analysis." *Id.* at 20 n.11. It claims that "[s]ince the question of functional equivalence can be determined prior to trial with reference only to the relevant statutes and the charging instrument, none of the constitutional notice issues that concerned the Court are in play." *Id.*

But in attempting to show "How and Why Misdemeanor Fleeing is a Lesser Included Offense of Evading Detention in *this* Case," *id.* at 14 (emphasis added), the State goes on to discuss the evidence it presented at trial. *See id.* at 15-17. Based on this discussion, the State concludes, "Since the essential difference in the context of the pleadings in this case is that the misdemeanor offense did not require proof of flight, while the felony offense did, proof of the lesser was made by proof of facts *functionally* the same or less than those required to prove the lesser [sic]." *Id.* at 17 (emphasis added). The State then goes on to show such functional equivalence by, again, referring

to the facts presented at trial.[7]

Thus, the State appears to be trying to bring in those facts through the back door, so to speak, even though we had clearly stated in *Hall* that such facts were not to be considered in the first step of the lesser-included-offense analyses. 225 S.W.3d at 536 ("Applying the first step of the lesser included-offense [sic] analysis . . . , we do not consider the evidence that was presented at trial."). It is only after the alleged lesser offense passes the scrutiny under the first step of the analysis that we then proceed to the second step of "determining whether the evidence at trial supports giving one of [the] predetermined lesser-included offense instructions." *Id.* at 531.[8] As we noted in *Hall*,

> To hold otherwise would be contrary to the better analysis of the statute and might run afoul of the requirements of due process by making it impossible to know before

[7]*See, e.g.,* State's Brief at 19:

Proof that a *uniformed* police officer attempted to stop a person by using the *emergency lights* and *siren* of his *officially marked police car* as is generally required under the Transportation Code is functionally equivalent to proof that the officer was attempting to detain the person and that the person knew he was a police officer who was attempting to detain him as the State must establish to prove felony evading.

(Emphasis added.) The facts emphasized above represent the evidence presented at trial and do not even appear in the indictment which simply alleged:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, QUANELL X ABDUL FARRAKHAN, hereafter styled the Defendant, heretofore on or about June 11, 2004, did then and there unlawfully, intentionally flee from K.E. ROY, hereafter styled the Complainant, a peace officer employed by HOUSTON POLICE DEPARTMENT, lawfully attempting to DETAIN the Defendant, and the Defendant knew that the Complainant was a peace officer attempting to DETAIN the Defendant, and the Defendant used a motor vehicle while he was in flight.

[8]We note that article 37.09, of the Texas Code of Criminal Procedure, the statutory provision on lesser-included offenses, supports our conclusion in the present case. The statute states that an offense is a lesser-included offense if "it is established by proof of *the same or less than* all the facts required to establish the commission of the offense charged." Tex. Code Crim. Proc. art. 37.09(1) (emphasis added).

> trial what lesser offenses are included within the indictment, yet making it possible
> at the end of the trial to convict for any offense that was incidentally shown by the
> evidence.

225 S.W.3d at 537. Nothing in the *Jacob* court's use of the functional-equivalence concept was contrary to the lesser-included-offense analysis that we clearly delineated in *Hall*, which is made by comparison of the elements of the offenses without reference to the evidence presented at trial.

*Conclusion*

The court of appeals determined that fleeing was not a lesser-included offense of evading detention as the latter was charged in the present case. When it used the term "functional equivalence," the court employed the same two-step method of conducting such lesser-included-offense analyses in its opinion that we described in *Hall* shortly thereafter. Thus, it reached the same result that *Hall* would have mandated. We, therefore, affirm the judgment of that court.

DELIVERED: MARCH 12, 2008.

PUBLISH