In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00151-CR

                                                ______________________________

 

 

                                     RANDI DENISE BRAY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 5th
Judicial District Court

                                                              Cass County, Texas

                                                      Trial Court No. 2009-F-00238

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Randi
Denise Bray appeals her conviction for the state jail felony of evading arrest
or detention in a motor vehicle[1]
and sentence of two years in the state jail division of the Texas Department of
Criminal Justice.  The State alleged Bray
committed the offense by driving around fifty-five to sixty miles per hour on a
county road for approximately three-quarters of a mile after Texas Department
of Public Safety Trooper Eric White activated his overhead lights.  White did not use the vehicle’s emergency
siren.  

            Bray
contends the evidence is legally insufficient to support her conviction because
(1) White failed to activate his vehicle’s emergency siren; and (2) the
failure to yield to White for forty-seven seconds is insufficient to establish
intent to evade detention.  Because the
evidence is legally sufficient to support Bray’s conviction, we affirm the
judgment of the trial court.

I.          Standard of Review

            In evaluating
legal sufficiency, we review all the evidence in the light most favorable to
the jury’s verdict to determine whether any rational jury could have found the
essential elements of evading detention with a motor vehicle beyond a
reasonable doubt.  See Brooks v. State, 323
S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)); Hartsfield v. State, 305 S.W.3d 859, 863
(Tex. App.—Texarkana 2010, pet. ref’d) (citing Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).  Our rigorous legal sufficiency review focuses
on the quality of the evidence presented.  Brooks, 323 S.W.3d at 917 (Cochran, J., concurring).  We examine legal sufficiency under the
direction of the Brooks opinion, while giving deference to the
responsibility of the jury “to fairly resolve conflicts in testimony, to weigh
the evidence, and to draw reasonable inferences from basic facts to ultimate
facts.”  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App.
2007) (citing Jackson,
443 U.S. at 318–19).

            We
are directed to subject challenges to the legal sufficiency of the evidence to
the hypothetically correct jury charge analysis.  Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  In order to prove its case under Section
38.04 of the Texas Penal Code, the State was obligated to prove that (1) Bray
(2) intentionally fled (3) from a person that she knew was a peace officer (4)
who was attempting lawfully to arrest or detain her.  In order to raise the offense from the level
of a class A misdemeanor to a state jail felony, it was necessary in this case
to prove that Bray employed a vehicle in her attempt to flee.  Bray’s argument is that the State did not
sufficiently prove that Bray intentionally fled from the officer who was
attempting to detain her.  We believe that
the State offered sufficient evidence of the required elements of the offense.

II.        Legally Sufficient
Evidence Supports the Verdict

            Section
38.04 of the Texas Penal Code criminalizes the act of intentionally fleeing
from a person the actor knows is a peace officer attempting to lawfully arrest
or detain him or her.  Tex. Penal Code Ann. § 38.04 (Vernon
Supp. 2010).  Bray initially claims, in
reliance on Section 545.156 of the Texas Transportation Code, that the evidence
is insufficient to establish evading detention because White failed to activate
his emergency sirens.  Bray therefore
contends she did not know White was attempting to detain her.[2]  Bray further relies on Section 547.702 of the
Texas Transportation Code[3]
in support of her position that a police officer operating a police vehicle
must use a siren or a siren and lights to require a driver of a vehicle to pull
over.  We do not find either of these
sections of the Transportation Code relevant to the issue of the sufficiency of
the evidence to prove the offense of evading detention with a vehicle.  

            The
Texas Legislature codified two criminal statutes regarding flight from a peace
officer—evading arrest or detention in a motor vehicle[4] and
fleeing or attempting to elude a police officer.[5] A
person commits the offense of fleeing or attempting to elude a police officer
if he or she “wilfully fails or refuses” to stop the vehicle or flees, “or
attempts to elude, a pursuing police vehicle when given a visual or audible
signal to bring the vehicle to a stop.”  Tex. Transp. Code Ann. §
545.421(a).  The signal to stop may be
“by hand, voice, emergency light, or siren.”  Tex.
Transp. Code Ann. § 545.421(b) (Vernon Supp. 2010).  While the offense of fleeing or attempting to
elude a police officer requires the defendant to be given a visual or audible
signal to stop, the offense of evading arrest or detention, of which Bray was
convicted, does not.  See Farrakhan v. State, 263 S.W.3d 124,
138 (Tex. App.—Houston [1st Dist.] 2006), aff’d,
247 S.W.3d 720 (Tex. Crim. App. 2008) (while offense of fleeing or attempting
to elude police officer requires defendant be signaled visually or audibly,
offense of evading arrest or detention does not).[6]  We, therefore, find that activation of the
emergency siren on a police vehicle is not necessary to prove the offense of
evading arrest or detention.

            Bray
next contends that if White’s testimony is credible, Bray stopped her vehicle
after a pursuit lasting approximately forty-seven seconds.[7]  Bray maintains that even if she were
cognizant of White’s desire to detain her during the entire length of the
pursuit, forty-seven seconds is insufficient to establish intent to evade.  In determining whether a defendant intended
to evade, the relevant inquiry is whether there was an attempt to flee or delay
the detention.  Baines v. State, No. 06-10-00069-CR, 2010 WL 4321599, at *5 (Tex.
App.—Texarkana Nov. 3, 2010, pet. filed). 
While the length and speed of the chase are factors in considering
whether there was an attempt to escape, they are not determinative by
themselves.  Id.  As this Court noted in Horne v. State, 228 S.W.3d 442, 446
(Tex. App.—Texarkana 2007, no pet.), any delayed compliance can be considered
an attempt to evade arrest or detention. 
“‘[F]leeing’ is anything less than prompt compliance with an officer’s
direction to stop.”  Id.  Even if there is no
intent to ultimately escape, intent to evade arrest or detention even for a
short time is sufficient to support a conviction for evading arrest with a
motor vehicle.  Id.; see also Mayfield v.
State, 219 S.W.3d 538, 541 (Tex. App.—Texarkana 2007, no pet.) (observing
that law does not require high-speed fleeing or even effectual fleeing; it
requires an attempt to get away from a known officer of the law).

            The
evidence shows that on the night in question, White spotted Bray’s vehicle
traveling northbound in the southbound lane of Highway 59 in Atlanta,
Texas.  White took the shoulder of the
road, while Bray’s vehicle moved into the median and “sat there for a
second.”  At that point, while White and
Bray were facing one another, White activated his vehicle’s overhead lights.  Even though Bray was able to see the flashing
overhead lights from White’s patrol car, she turned her vehicle in front of
White onto a county road, where she traveled at a speed of fifty-five to sixty
miles per hour while White followed.[8]  White testified that there were ample
businesses off of Highway 59 where Bray could have pulled over, but she instead
chose to drive down a county road.  After
having travelled approximately three-quarters of a mile, Bray pulled into the
Country Place Apartments, exited her vehicle, and was placed under arrest.  When White asked why she was running, Bray
stated that she did not know.  After Bray
was detained, White discovered a box of beer in the vehicle, although he could
not recall if there were any empty or half-full cans in the vehicle.[9]  

            This
evidence shows that Bray was aware of White’s attempt to detain her; she looked
at Bray as she moved her vehicle to the median and White activated his
vehicle’s overhead lights. Bray then turned in front of White and accelerated
down a county road when there were lighted areas where she could have
stopped.  Even if Bray had no intent to
ultimately escape, the evidence is sufficient for a rational jury to conclude
that Bray intended to evade arrest or detention, if only for a short time.  We hold that the evidence was legally
sufficient to support the verdict.  

III.       Conclusion

            We affirm the
judgment of the trial court.

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          March
21, 2011

Date Decided:             March
22, 2011

 

Do Not Publish











[1]Tex. Penal Code Ann. § 38.04(b)(1)
(Vernon Supp. 2010).

 





[2]Section
545.156 of the Transportation Code addresses the appropriate response of a
vehicle to the approach of an authorized emergency vehicle using audible and
visual signals.  This section of the
Transportation Code provides, in part:

 

                (a)           On
the immediate approach of an authorized emergency vehicle using audible and
visual signals that meet the requirements of Sections 547.305 and 547.702, or
of a police vehicle lawfully using only an audible signal, an operator, unless
otherwise directed by a police officer, shall:

                                (1)           yield
the right-of-way;

                                (2)           immediately drive to a position
parallel to and as close as possible to the right-hand edge or curb of the
roadway clear of any intersection; and

                                (3)           stop and remain standing until the
authorized emergency vehicle has passed.

 

Tex. Transp.
Code Ann. § 545.156 (Vernon 1999).

 





[3]This
section of the Transportation Code provides, in part, that “[t]he operator of
an authorized emergency vehicle shall use the siren, whistle, or bell when
necessary to warn other vehicle operators or pedestrians of the approach of the
emergency vehicle” and that a police vehicle “may, but is not required to, be
equipped with signal lamps . . . .”  Tex. Transp. Code Ann. § 547.702
(Vernon 1999).

 





[4]Tex. Penal Code Ann. § 38.04(b)(1).

 





[5]Tex. Transp. Code Ann. § 545.421(a)
(Vernon Supp. 2010).





[6]This
difference is understandable.  Section
545.421 may apply in ordinary traffic control situations where the citizen may
have no reason to expect to be stopped and the stop may be simply to reroute
traffic; in that event, public safety requires that the officer should be
clearly identified and should give a distinct signal.  In proving the offense in Section 38.04 of
the Texas Penal Code (evading arrest or detention), the State must prove the
citizen knows the officer is attempting to lawfully arrest or detain him or
her.  If the State proves the defendant
knows the peace officer is attempting to detain or arrest the person, no
purpose is served in requiring additional signals from the officer. 

 





[7]There
is no testimony that White pursued Bray for forty-seven seconds. White
estimated that he pursued Bray for approximately three-quarters of a mile
during which time Bray was driving approximately fifty-five to sixty miles
per hour.  From those estimates,
Bray’s counsel extrapolates the rate of speed and distance travelled equates to
a total of a forty-seven-second pursuit. 





[8]The
jury was shown the roadside video from White’s patrol vehicle depicting these
events.  





[9]Bray
was also charged with DWI, although that issue is not a part of Bray’s appeal.