

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00275-CR

**DAMIAN RASHAWD BUSBY,**

                                     **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                     **Appellee**

_____

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2009-1357-C1

---

## MEMORANDUM  OPINION

---

Damian Rashawd Busby appeals his conviction by a jury for the offense of evading arrest in a motor vehicle, a state jail felony. TEX. PEN. CODE ANN. § 38.04(b)(1)(B) (West 2003). Busby was sentenced by the trial court to eighteen (18) months' confinement. Busby complains that the trial court erred by allowing an arresting officer to testify as to Busby's intent and by excluding evidence of a statute for purposes of impeachment. We affirm the judgment of the trial court.

*Improper Admission of Evidence*

Busby complains in his first issue that the trial court abused its discretion by allowing one of the arresting officers to testify that Busby intentionally evaded arrest in a motor vehicle because the officer's opinion should not have been admissible pursuant to rule 701 of the Texas Rules of Evidence. Busby's objection to the State's question during the first arresting officer's testimony regarding Busby's intent was sustained and not asked again. The second officer was asked, "Based on your experience and what you saw that day, was that an intentional evading that happened in that vehicle?" Busby objected, which was overruled. However, shortly thereafter, the officer was again asked, "…did Mr. Busby intentionally evade in a vehicle that you all were stopping?" Busby did not object to this question, which was answered affirmatively by the officer. He did not seek a running objection after the first objection was overruled. The error, if any, in the admission of evidence was cured when the same evidence came in with the subsequent question and answer without objection. *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). Issue one is overruled.

*Exclusion of Evidence*

Busby complains that the trial court abused its discretion by sustaining an objection by the State to his questioning of the arresting officers of the offense of fleeing in a motor vehicle, a class A misdemeanor. TEX. TRANSP. CODE ANN. § 545.421 (West Supp. 2010). When Busby attempted to cross-examine each officer on their understanding of the elements of the lesser offense, the State objected as to relevance. Busby made an offer of proof outside of the presence of the jury. Relevant evidence is any evidence that has "any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401.

Section 545.421 is not a lesser-included offense of evading arrest or detention. *Farrakhan v. State*, 247 S.W.3d 720, (Tex. Crim. App. 2008). However, Busby contends that the questions were necessary to demonstrate that the officers' opinions were based on a misapprehension of the law regarding evading arrest and that the facts more closely fit the offense of fleeing in a motor vehicle, with which Busby was not charged. Section 38.04 and section 545.421 each contain elements distinct from the other. *Horne v. State*, 228 S.W.3d 442, 448 (Tex. App.—Texarkana 2007, no pet.). We do not believe that questioning the officers on the substance of a different, uncharged offense tended to make any fact relating to the offense with which Busby was charged more or less probable. The evidence was not relevant and therefore, the trial court did not abuse its discretion by refusing to admit it. We overrule issue two.

*Conclusion*

Having overruled each of Busby's issues, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed March 23, 2011
Do not publish
[CR25]