

# IN THE
## TENTH COURT OF APPEALS

### No. 10-10-00425-CR

**JASON WESLEY TATE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2010-398-C1**

## MEMORANDUM OPINION

Jason Wesley Tate was convicted of evading arrest with a motor vehicle which was a third degree felony because Tate had a prior conviction for evading. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2011). He was sentenced to nine years in prison. In his sole issue, Tate argues that his trial counsel was ineffective for not requesting an instruction on a lesser included offense. We affirm.

To prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S.

668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Unless an appellant can prove both prongs, we must not find counsel's representation to be ineffective. *Id.* at 687.

There is a strong presumption that counsel's performance fell within the wide range of reasonably professional assistance. *Lopez v. State*, No. PD-0481-10, 2011 Tex. Crim. App. LEXIS 826, *9 (Tex. Crim. App. June 15, 2011); *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006) (citing *Strickland*, 466 U.S. at 689). In order for us to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record. *Lopez*, 2011 Tex. Crim. App. LEXIS 826 at *10; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Lopez v. State*, 2011 Tex. Crim. App. LEXIS 826, at *10. Further, on direct appeal, the record is usually inadequately developed and cannot adequately reflect the failings of trial counsel for us to fairly evaluate the merits of such a serious allegation. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Tate contends that trial counsel should have requested an instruction on the offense of fleeing a police officer. *See* TEX. TRANSP. CODE ANN. § 545.421 (West 2011). The record is silent as to why counsel did not request such an instruction. Although Tate contends that fleeing a police officer is a lesser included offense of evading arrest in a motor vehicle, counsel may have believed that it is not. *See Farrakhan v. State*, 247 S.W.3d 720, 722-23 (Tex. Crim. App. 2008) (The Court of Criminal Appeals approved of the Fort Worth Court of Appeals' decision that the offense of fleeing a police officer was

not a lesser-included offense of evading arrest or detention.); *see also McKithan v. State*, 324 S.W.3d 582, 593 (Tex. Crim. App. 2010).

Furthermore, we are not unaware of the defense strategy when the defendant believes the State has overcharged the offense. It is a perfectly valid trial strategy for a defense counsel to forgo a lesser included charge when the defense believes that the State has charged a higher offense than the State can prove beyond a reasonable doubt. By this strategy, the defense forgoes the objection or request for a verdict on a lesser charge so that if the jury does not convict on the charged offense, the defendant is acquitted. The State forgoes the submission of the lesser charge in the hopes of nudging the jury towards the conviction on the higher charge by not giving them a lesser charge on which to find the defendant guilty. The State's strategy is to not give the jury an option between the higher charge and a lesser charge but only to have the option of conviction on the higher charge or acquit. On the other side, the defense, by not compelling the inclusion of the lesser included offense in the charge, weighs the alternatives and decides to run the risk that the jury will acquit rather than convict on the greater offense. That is why it is called a strategy and is not automatically ineffective assistance of counsel. Thus, even if fleeing a police officer were a lesser included offense of evading arrest with a motor vehicle, we do not know, from this record, if counsel was pursuing a trial strategy.

Accordingly, because trial counsel's alleged deficiency is not affirmatively demonstrated in the record, Tate has failed to meet his burden under the first prong of *Strickland*. His sole issue is overruled.

Having overruled his sole issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed July 13, 2011
Do not publish
[CR25]