**Opinion filed August 25, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-15-00140-CR

_____

## RICHARD HERMISILLO RODRIGUEZ, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 10218**

### M E M O R A N D U M   O P I N I O N

The jury convicted Richard Hermisillo Rodriguez of the third-degree felony of evading arrest[1] and assessed his punishment at confinement for six years and a $2,000 fine. The trial court sentenced him accordingly. On appeal, Appellant argues that the trial court erred when it failed to provide the jury with the legal definitions of "evading arrest"[2] and "failure to stop."[3] We affirm.

---

[1]TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West Supp. 2016).

[2]*Id.*

[3]TEX. TRANSP. CODE ANN. § 545.421 (West 2011).

## I. *The Charged Offense*

The grand jury indicted Appellant for the third-degree felony of evading arrest and alleged that Appellant, while using a vehicle, intentionally fled from Todd Steven, a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain him. A person commits the offense of evading arrest if he intentionally flees from a person that he knows to be a peace officer attempting lawfully to arrest or detain him. PENAL § 38.04(a). The charge becomes a third-degree felony if the actor uses a vehicle while in flight. *Id.* § 38.04(b)(2)(A). Appellant pleaded "not guilty" and proceeded to trial.

## II. *Evidence at Trial*

Jeff Israel, a sergeant with the Snyder Police Department, testified that he and Todd Steven, another officer with the department, attempted to stop Appellant after they received a call from dispatch indicating that Appellant had stolen beer from a gas station. The dispatcher identified Appellant by name and gave a description of his vehicle and the direction in which he drove. As Appellant drove past the police station on 37th Street, Sergeant Israel and Officer Steven pulled out of the police station parking lot, got behind Appellant's vehicle, and activated their emergency lights. Appellant passed a closed convenience store and turned right onto Avenue E. Sergeant Israel activated the siren, and the officers followed Appellant down Avenue E. Appellant continued driving and turned left onto 34th Street, where he pulled over to the left-hand side of the road in front of a residence. Both officers testified that there was no other traffic on the roads that night and that Appellant had opportunities to stop on all three roads before he arrived at the residence.

The occupants of the house came outside while the officers conducted the stop. Officer Steven testified that, while he attempted to apprehend Appellant, several of the occupants from the house interfered and that that allowed Appellant to move toward the house. Officer Steven thought that the people from the house

appeared to know Appellant. Sergeant Israel testified that the house appeared to be Appellant's intended destination.

Defense counsel questioned Sergeant Israel about the difference between evading arrest, under Section 38.04 of the Texas Penal Code, and "failure to stop," under Section 545.421 of the Texas Transportation Code. In closing arguments, defense counsel argued that his client had been overcharged, and he urged the jury to find Appellant not guilty of evading arrest. During deliberations, the jury sent a note to the trial court in which it asked the court for the legal definitions of "evading arrest" and "failure to stop." Over defense counsel's objection, the trial court simply referred the jury to the jury charge. The jury sent another note to the trial court in which it told the court that it wanted to see all available exhibits. In yet another note, the jury asked to see the written testimony of Sergeant Israel. Appellant argued that one of the notes was an attempt by the jury to see Defendant's Exhibit No. 1, which contained the statutory language of Section 545.421 of the Transportation Code. Defendant's Exhibit No. 1 was not admitted into evidence.

III. *Analysis*

Appellant argues that the trial court erred when it denied the jury's request for the legal definitions of "evading arrest," under Section 38.04(a), (b)(2)(A) of the Penal Code, and "failure to stop," under Section 545.421(a)–(c) of the Transportation Code. *See* PENAL § 38.04(a), (b)(2)(A); TRANSP. § 545.421(a)–(c). As we explain below, we disagree with both of Appellant's assertions.

The trial court is ultimately responsible for the accuracy of the jury charge and accompanying instructions applicable to the criminal offense alleged in the indictment. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). We review a jury charge issue under a two-step process. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). We first determine whether an error exists. *Id.* In this case, the trial court gave an instruction for evading arrest that tracked the indictment

3

and the statute. Appellant concedes that he made no objection to the jury charge. Appellant's complaint that the trial court did not instruct the jury on "evading arrest" is meritless because the trial court gave a proper instruction on evading arrest.

Appellant also argues that the trial court should have provided the jury, after the jury requested the information, with the text of Section 545.421 (failure to stop), which had "evidentiary value." Appellant concedes that the State did not charge Appellant with the misdemeanor offense of a violation of Section 545.421 and that Section 545.421 is not a lesser included offense of evading arrest. *See Farrakhan v. State*, 247 S.W.3d 720, 722–24 (Tex. Crim. App. 2008). Nevertheless, Appellant asks this court to recognize an "exception" to Article 36.14 of the Texas Code of Criminal Procedure, which provides that the charge of the court shall "distinctly set[] forth the law applicable to the case," and to allow the charge in cases such as this one where the distinction between the statutes has "evidentiary value." *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007).

The trial court is limited to "setting forth the law applicable to the case" in the jury charge. *Id.* When a trial court responds substantively to a jury question, the response amounts to a supplemental jury instruction. *Daniell v. State*, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993); *Haliburton v. State*, 578 S.W.2d 726, 728 (Tex. Crim. App. [Panel Op.] 1979). If a trial court can properly give an instruction in the original charge, it can give the instruction as an additional instruction. *Daniell*, 848 S.W.2d at 147. Appellant argues that the legal definition of failure to stop is applicable in this case because it has evidentiary value, but we question whether the law pertaining to failure to stop is "law applicable to the case."

The offense of fleeing or attempting to elude a police officer (failure to stop) requires that the defendant be signaled visually (by hand or emergency light) or audibly (by voice or siren) to stop and that he be pursued by a marked police vehicle that is driven by a uniformed officer with a prominently displayed badge.

4

*Farrakhan v. State*, 263 S.W.3d 124, 138 (Tex. App.—Houston [1st Dist.] 2006) (citing TRANSP. § 545.421(a), (b)), *aff'd*, 247 S.W.3d 720 (Tex. Crim. App. 2008). "The offense of evading arrest or detention does not expressly contain these elements." *Farrakhan*, 263 S.W.3d at 138 (citing PENAL § 38.04(a)). Section 545.421 is not a lesser included offense of evading arrest because the elements of the former are not the same as the latter. *Id.*; *see also Horne v. State*, 228 S.W.3d 442, 449 (Tex. App.—Texarkana 2007, no pet.). Because an offense under Section 545.421 (failure to stop) is not a lesser included offense of evading arrest, the trial court correctly refused to give the additional instruction. *See Farrakhan*, 263 S.W.3d at 138; *Horne*, 228 S.W.3d at 449. Having found no jury charge error, we need not address the issue of harm. We overrule Appellant's sole issue.

IV. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON
JUSTICE

August 25, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5