In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00201-CR
_____

JERALD MANGAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 356th District Court
Hardin County, Texas
Trial Cause No. 23212

MEMORANDUM OPINION

The trial court convicted Jerald Mangan of the second-degree felony offense of aggravated assault with a deadly weapon following Mangan's open plea of guilty and sentenced him to six years of confinement in the Institutional Division of the Texas Department of Criminal Justice. In one issue on appeal, Mangan challenges the trial court's denial of his motion to dismiss the indictment, contending the indictment is void by failing to incorporate a proper element required by law and

"fails to support the validity upon which a conviction could stand."[1] We affirm the trial court's denial of the motion to dismiss the indictment.

## Background

A Hardin County grand jury indicted Mangan as follows:

> THE GRAND JURORS for the County of Hardin, State of Texas, duly organized as such at the **JULY** Term, A.D., **2014** of the 88th/356th District Court of Hardin County, Texas, . . . upon oath in said Court present that **JERALD DEAN MANGAN** hereafter styled the defendant, heretofore on or about **AUGUST 22, 2014** Hardin County, Texas; did:
>
> THEN AND THERE INTENTIONALLY AND KNOWINGLY THREATEN [COMPLAINANT] WITH IMMINENT BODILY INJURY BY POINTING A KNIFE AT THE SAID [COMPLAINANT], AND DID THEN AND THERE USE OR EXHIBIT A DEADLY WEAPON, TO-WIT: A KNIFE, DURING THE COMMISSION OF SAID ASSAULT
>
> *AGAINST THE PEACE AND DIGNITY OF THE STATE OF TEXAS.*

---

[1] The Appellant uses the terms "indictment" and "information" interchangeably in his brief. While either may vest the trial court with jurisdiction, these terms may not be used interchangeably as there is a significant distinction between them. The record reveals the grand jury returned an indictment in this case. The Texas Constitution guarantees criminal defendants the right to indictment by a grand jury for all felony offenses. *Riney v. State*, 28 S.W.3d 561, 564–65 (Tex. Crim. App. 2000) (citing *Cook v. State*, 902 S.W.2d 471, 475 (Tex. Crim. App. 1995); Tex. Const. art. I, § 10)); *see also* Tex. Const. art. 5, § 12(b); Tex. Code Crim. Proc. Ann. arts. 21.01, 21.20 (West 2009) (defining an "indictment" as "[a] written statement of a *grand jury* accusing a person therein named of some act or omission which, by law, is declared to be an offense" and an "information" as "a written statement filed and presented in behalf of the State by the *district or county attorney*, charging the defendant with an offense which may by law be so prosecuted") (emphasis added).

The heading of the indictment indicated the offense was "AGG ASLT W/ DW[,]" noted the Penal Code section as "22.02," and "F2" for the degree of the offense. Mangan filed a motion to dismiss the indictment asserting the identical arguments he raises on appeal. The trial court held a hearing on the motion to dismiss, which the court denied. Immediately after the hearing on Mangan's motion to dismiss, the trial court heard his open plea of guilty.[2] The trial court ordered a pre-sentence investigation (PSI) report and ultimately sentenced him to six years of confinement.

Our review of the record reveals very limited details pertaining to the incident which led to the charges against Mangan, the majority of which are contained in the PSI report. According to the PSI report, Mangan went onto the complainant's property, produced a knife, and threatened "to cut him open."

**Standard of Review**

We employ a hybrid standard of review when examining a trial court's denial of a motion to dismiss an indictment: determinations of historical fact are reviewed for an abuse of discretion, while the application of those facts to the law and questions of law are reviewed *de novo*.[3] *Farrakhan v. State*, 263 S.W.3d 124, 130–31 (Tex. App.—Houston [1st Dist.] 2006, pet. granted) *aff'd* 247 S.W.3d 720 (Tex.

---

[2] Mangan pleaded guilty to two separate offenses during the same hearing.
[3] In his brief, Mangan contends the trial court "abused his discretion."

Crim. App. 2008) (citing *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004)). How much deference appellate courts give a trial court's ruling depends upon which "judicial actor" is better situated to decide the issue. *Moff*, 154 S.W.3d at 601 (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). Because this case does not involve an issue of historical fact, we conduct a *de novo* review. *See id.*

**Analysis**

Mangan asserts the indictment here is void in that it fails to specify that the manner in which Mangan used the knife rendered it capable of causing serious bodily harm, and accordingly, constitutes "at most" a Class A misdemeanor. Assuming without deciding that the wording of this indictment only charges a misdemeanor, it does not render the indictment void.

To meet the constitutional definition of "indictment" and vest the court with personal and subject matter jurisdiction, the indictment must: (1) charge a person; and (2) charge the commission of an offense. *Jenkins v. State*, No. PD-0086-18, 2018 WL 6332219, at *3 (Tex. Crim. App. Dec. 5, 2018) (citing Tex. Const. art. V, § 12(b)). Even an indictment with a substantive defect can still qualify as one that vests the trial court with jurisdiction. *Id.* (citing *Studer v. State,* 799 S.W.2d 263, 271 (Tex. Crim. App. 1990)). An indictment is sufficient if it

4

charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment[.]

Tex. Code Crim. Proc. Ann. art. 21.11 (West 2009).

Courts must look to the indictment as a whole, not just its specific formal requisites to assess its validity. *See Jenkins*, 2018 WL 6332219, at *4; *Kirkpatrick v. State*, 279 S.W.3d 324, 328 (Tex. Crim. App. 2009); *Teal v. State*, 230 S.W.3d 172, 180 (Tex. Crim. App. 2007). An indictment, as a whole, which is "sufficient to vest the district court with subject-matter jurisdiction and give the defendant notice that the State intended to prosecute him for a felony offense" will stand. *See Jenkins*, 2018 WL 6332219, at *4 (quoting *Teal*, 230 S.W.3d at 182). In this analysis, the courts may look to the heading of the charging instrument and whether the indictment was returned in a felony court. *See id.* (citing *Kirkpatrick*, 279 S.W.3d at 329).

In *Teal*, the Court of Criminal Appeals dealt with a defective indictment that failed to include one of two elements required for the offense to qualify as felony and ultimately held that "the indictment, as a whole, was sufficient to vest the district court with subject-matter jurisdiction and give the defendant notice that the State intended to prosecute him for a felony offense." *See* 230 S.W.3d at 182. In

5

*Kirkpatrick*, the appellant argued that the indictment, as worded, charged a misdemeanor rather than a felony. *See* 279 S.W.3d at 325. This is the same argument advanced by Mangan in this appeal. The Court of Criminal Appeals held that while the indictment properly charged a misdemeanor and lacked a necessary element to charge a felony, the instrument, as a whole, charged a felony offense. *Id.* at 329. In its analysis, the Court in *Kirkpatrick* relied on two other items in the charging instrument to support its conclusion. *See id.* First, the Court explained that "the indictment's return in a felony court put appellant on notice that the charging of the felony offense was intended." *Id.*; *see also Jenkins*, 2018 WL 6332219, at *4. Second, the *Kirkpatrick* Court pointed to the heading of the charging instrument and noted "the face of each indictment contains a heading: 'Indictment–Tampering with a Governmental Record 3rd Degree Felony,—TPC 37.10(a)–Code 73990275.'" *See* 279 S.W.3d at 329; *see also Jenkins*, 2018 WL 6332219, at *4. The Court reasoned that this made the Penal Code section "easily ascertainable" and clearly indicated the State's intent to charge a felony. *See Kirkpatrick*, 279 S.W.3d at 329; *see also Jenkins*, 2018 WL 6332219, at *4.

A person commits an assault if he "intentionally or knowingly threatens another with imminent bodily injury[.]" Tex. Penal Code Ann. § 22.01(a)(2) (West 2019) A person commits an aggravated assault if he commits an assault as defined

6

by Texas Penal Code section 22.01 and "uses or exhibits a deadly weapon during the commission of the assault." *Id.* § 22.02(a)(2) (West 2019). The offense of aggravated assault is a second-degree felony. *Id.* § 22.02(b) (West 2019). A "deadly weapon" is defined as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17)(B) (West Supp. 2018).

Mangan complains that because a knife is not a deadly weapon per se and the indictment does not specify the manner of use, it does not show it could be used to inflict serious bodily injury. Thus, the indictment does not charge a felony and is void. Despite his contention, the indictment alleges Mangan committed an assault as defined in Texas Penal Code section 22.01(a)(2) and used a deadly weapon while doing so. *See id.* §§ 22.01(a)(2), 22.02(a)(2). Further, the indictment specifies that Mangan "pointed" the knife at the Complainant and that he threatened the Complainant with it.

Looking at the indictment as a whole, we observe that it was returned to the Hardin County District Court, which has jurisdiction over felony offenses. *See Jenkins*, 2018 WL 6332219, at *4; *Kirkpatrick*, 279 S.W.3d at 329. Additionally, the heading stated "OFFENSE: AGG ASLT W/ DW" and referenced 22.02, the Penal Code section governing aggravated assault with a deadly weapon, and the "F2"

notation is commonly interpreted as a second-degree felony. The fact that the penal code section was easily ascertainable, coupled with the notation the offense was a second-degree felony, "clearly indicated that the [S]tate intended to charge a felony offense and the district court had subject matter jurisdiction." *See Jenkins*, 2018 WL 6332219, at *4; *Kirkpatrick*, 279 S.W.3d at 329. We overrule Mangan's sole issue on appeal.

## Conclusion

The indictment in this case was sufficient to put Mangan on notice the State charged him with a felony and to vest the district court with jurisdiction. Therefore, the indictment is not void. We affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on July 22, 2019
Opinion Delivered September 11, 2019
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.