**Opinion filed June 17, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00239-CR

_____

## DEVEN INGRAM, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. CR-026995**

### M E M O R A N D U M   O P I N I O N

Deven Ingram was charged by information with the Class B misdemeanor offense of fleeing or attempting to elude a police officer. *See* TEX. TRANSP. CODE ANN. § 545.421 (West 2011). At trial, the jury found Appellant guilty of the charged offense. Appellant waived his right to trial as to punishment and agreed to accept a sentence of ninety days in the Jones County Jail, with time served credited toward incarceration, and no fine. The trial court assessed Appellant's punishment in

accordance with the agreement. The trial court also ordered Appellant to pay $975 in attorney's fees. We reverse and render.

## Issues

On appeal, Appellant raises three issues. In his first issue, Appellant claims that the evidence was insufficient to support his conviction. In his second issue, Appellant claims that the trial court erred when it admitted evidence of extraneous acts. In his final issue, Appellant claims that the trial court erred in denying his motion to suppress.

## Background Facts

At around 1:00 a.m. on the morning of the offense, Corporal Robert Morrell with the Anson Police Department was parked at a car dealership "conducting stationary traffic enforcement." A pickup passed him, and he could not clearly read the rear license plate. It appeared as though something was "dropped down or was illuminating," which prevented him from being able to read the license plate. As a result, Corporal Morrell got behind the pickup, but he was still unable to clearly read the license plate as he saw that the license plate light was hanging down from its casing and was blocking his view of the plate.

Corporal Morrell then tried to initiate a traffic stop by activating his lights, but the pickup did not stop. He then activated his siren, but the pickup still did not stop. Appellant kept driving the pickup and eventually pulled into what Corporal Morrell later determined to be Appellant's driveway. Corporal Morrell testified that, the entire time he was behind Appellant's vehicle, Appellant did not speed and used his turn signals.

During trial, the trial court held a hearing on the defense's motion in limine. The State wanted to question Corporal Morrell concerning some extraneous acts of Appellant. The State argued that the evidence would show Appellant's motive for not stopping immediately. Appellant's counsel argued that the evidence was

2

irrelevant and prejudicial. The trial court allowed the questioning. As a result, Corporal Morrell testified that, when he finally contacted Appellant, he found an open, half-full bottle of beer in Appellant's vehicle. Corporal Morrell smelled alcohol on Appellant, but he did not notice any signs of intoxication. In addition, Corporal Morrell was allowed to testify to the fact that, when he ran Appellant's license, he discovered that Appellant had an out-of-state warrant and that he was currently on parole. Corporal Morrell cited Appellant for the open container, arrested Appellant, and transported him to the Jones County Jail.

*Discussion*

**1. The evidence was insufficient to support Appellant's conviction for fleeing or attempting to elude.**

*Standard of Review*

In his first issue, Appellant argues that the State presented insufficient evidence to support his conviction. We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When we conduct a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to

weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778.

*Analysis*

The Texas Transportation Code states that a person commits the offense of fleeing or attempting to allude "if the person operates a motor vehicle and wilfully fails or refuses to bring the vehicle to a stop . . . or attempts to elude[] a pursuing police vehicle when given a visual or audible *signal* to bring the vehicle to a stop." TRANSP. § 545.421(a) (emphasis added). Importantly, subsection (b) defines what a signal is.

> (b) A signal under this section that is given by a police officer pursuing a vehicle may be by hand, voice, emergency light, or siren. The officer giving the signal must be in uniform and prominently display the officer's badge of office. The officer's vehicle must bear the insignia of a law enforcement agency, regardless of whether the vehicle displays an emergency light.

On appeal, Appellant does not argue that the evidence was insufficient to prove that he willfully failed to bring his vehicle to a stop or that he attempted to elude a pursuing police vehicle. Rather, Appellant argues that insufficient evidence was produced to prove that Corporal Morrell was driving a marked vehicle. We agree.

The statutory language is clear. The offense of fleeing or attempting to elude "requires that the defendant be signaled visually (by hand or emergency light) or audibly (by voice or siren) to stop and that he be pursued by a marked police vehicle that is driven by a uniformed officer with a prominently displayed badge." *Rodriguez v. State*, No. 11-15-00140-CR, 2016 WL 4575025, at *2 (Tex. App.— Eastland Aug. 25, 2016, no pet.) (mem. op., not designated for publication). Clearly, that Corporal Morrell pursued Appellant in a *marked* police vehicle bearing "the insignia of a law enforcement agency" is an element of the offense which the State

had to present evidence to prove. *See Peavey v. State*, 248 S.W.3d 455, 468 (Tex. App.—Austin 2008, pet. ref'd). This element of the offense under Section 545.421 is not new or arbitrary. Indeed, the language of Section 545.421 of the Texas Transportation Code was specifically altered by the Texas legislature in 2009 from its former codification. The legislature changed the language from requiring the law enforcement vehicle to "be appropriately marked as an official police vehicle" to the more specific requirement that the vehicle "bear the insignia of a law enforcement agency, regardless of whether the vehicle displays an emergency light." *See* Act of June 1, 2009, 81st Leg., R.S., ch. 1280, § 1.21, 2009 Tex. Gen. Laws 4032, 4041 (effective Sept. 1, 2009). Accordingly, proving that the officer's vehicle was marked with the insignia of the law enforcement agency is not an insignificant element of the State's case, at least the legislature does not believe so. Texas appellate courts have affirmatively identified this as an element of the offense required to be proven by the State. *See Farrakhan v. State*, 263 S.W.3d 124, 132–35, 138 (Tex. App.—Houston [1st Dist.] 2006) (diagramming the elements of Section 545.421 to be proven), *aff'd*, 247 S.W.3d 720 (Tex. Crim. App. 2008); *Horne v. State*, 228 S.W.3d 442, 448–49 (Tex. App.—Texarkana 2007, no pet.) (same).

As the State did not file a brief, we must proceed with a thorough examination of the record before us. We have scoured the clerk's record as well as the reporter's record, including the exhibits admitted at trial (photographs and video), and we find no display of or mention that the officer's vehicle was in any way outwardly marked other than being equipped with an emergency light, which according to subsection (b) itself is not to be regarded as evidence that this was a vehicle bearing the insignia of a law enforcement agency. No evidence of that elemental fact was admitted at trial, even though the legislature requires it. It is insufficient that Appellant did not obey the emergency lights displayed and the siren because those, in and of themselves, do not constitute a "signal" under the statute. To constitute a

signal, and to prove a violation of the statute for failing to bring the vehicle to a stop when given a signal, requires that there be proof or evidence that the emergency lights or the siren emanate from a vehicle bearing the insignia of a law enforcement agency. Otherwise, it falls outside the definition of a signal under the statute, and the elements of an offense under the statute are not met. The Texarkana Court of Appeals observed:

> The remaining sections require proof that the officer is uniformed and displaying a badge and that the vehicle is marked. They also provide that the officer's signal to stop be made by one of several methods. Those provisions are apparently meant to ensure that a driver being pulled over had clear and undeniable notice that he or she was being stopped by an officer of the law. Arguably, the requirements are supplemental methods that may be used to prove that, despite all of these markers showing that the directions to stop were being given by a police officer, the driver willfully ignored the officer's directions.
>
> According to the statutory language, however, these elements . . . must be proven to obtain a conviction for fleeing, under the Texas Transportation Code. We conclude that these are not merely auxiliary evidentiary options to help prove a defendant's culpable state of mind. . . . [W]e hold they are elements of the offense . . . .

*Horne*, 228 S.W.3d at 449 (footnote omitted).

Here, the State did not provide evidence of each statutory element of the offense to the jury. We therefore hold that the evidence was insufficient to support Appellant's conviction for fleeing or attempting to elude a police officer under Section 545.421 of the Texas Transportation Code, as charged, and we sustain Appellant's first issue. Because we sustain Appellant's first issue, we need not address his remaining arguments. *See* TEX. R. APP. P. 47.1.

*This Court's Ruling*

We reverse the judgment of the trial court and render a judgment of acquittal.


W. BRUCE WILLIAMS

JUSTICE


June 17, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.